UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PAUL R. FARROW, JR.
    Plaintiff,

vs.                                            11-2218

PATRICK HARTSHORN, et.al.,
    Defendants.

## MERIT REVIEW ORDER

      This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      On September 11, 2011, the Plaintiff filed a motion for temporary restraining order complaining about a lack of medical care at the Vermillion County Jail. [d/e 1] The Plaintiff could not proceed with his motion without first filing a lawsuit. The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). Therefore, the Plaintiff was advised that if he wished to file a complaint, he needed to file it within 14 days and also had to either pay the $350 filing fee in full or file a motion to proceed *in form pauperis*. The Plaintiff responded with a letter that he did not wish to file a complaint, he wanted the court to rule on his motion. [d/e 2]

      On September 19, 2011, the court informed the Plaintiff that if he wished to file a complaint setting out his claims, he would be given 14 additional days to comply. However, if he again failed to follow the court's orders, his case would be dismissed and he would still be responsible for payment of the filing fee. The Plaintiff responded by filing a complaint [d/e 3] and a motion to proceed *in forma pauperis*. [d/e 4]

      On October 25, 2011, this case proceeded to a merit review hearing. Based on the Plaintiff's conduct during that hearing, the Plaintiff's case was reassigned. *See* October 25, 2011 Text Order.

      This case is again before the court for merit review of the Plaintiff's complaint pursuant to 28 U.S.C. §1915A. The court is required to "screen" the Plaintiff's complaint, and through

1

such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff has filed his complaint against four individuals at the Vermillion County Jail: Sheriff Patrick Hartshorn, Captain Raymond Lewelyn, Nurse Cookie and Guard John Doe. The Plaintiff begins his complaint by stating that he is incorporating all statements in his motion for a preliminary injunction. (Comp., p. 5). The court does not allow piecemeal amendments. Therefore, any complaint filed must stand complete on its own without reference to any prior pleading and must contain all claims against all defendants. This prevents any confusion over intended allegations. The court will only consider the claims stated in the Plaintiff's complaint. However, the court does acknowledge that the Plaintiff claims he was treated for a serious injury at the hospital just prior to entering the Vermillion County Jail.

The Plaintiff says he entered the jail on September 3, 2011, but he was refused any treatment for approximately two weeks. The Plaintiff says he suffered pain and swelling in his face and all four Defendants were responsible for the delays or denial of medical care. The Plaintiff has adequately alleged a violation of his constitutional rights. It appears the Plaintiff was a pretrial detainee during the relevant time period of his complaint. Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, but the court evaluates the claim using the same standards as an Eighth-Amendment claim. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir.2007). Therefore, the Plaintiff must show that he suffered from a serious medical need and that the Defendants was deliberately indifferent to that need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir.2008). "An inmate who complains that a delay in medical treatment arose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir. 1996). However, "a non-trivial delay in treating serious pain can be actionable even without expert medical testimony showing that the delay aggravated the underlying condition." *Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010) *citing Grieveson v Anderson*, 538 F.3d 763, 779 (7th Cir. 2008)(reversing summary judgment for defendants where plaintiff did not receive treatment for painful broken nose for nearly two days).

The Plaintiff also claims that Defendant Lewelyn violated his due process and equal protection rights when he failed to respond to the Plaintiff's grievances. This allegation fails to rise to the level of a constitutional violation. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1995). The Constitution requires no procedure at all, and the failure of officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir.1982). In

2

addition, the Plaintiff has failed to articulate an equal protection claim.

Finally, the Plaintiff's initial motion for a temporary restraining order is denied. [d/e 1] The Plaintiff no longer resides at the Vermillion County Jail and is now in the custody of Western Illinois Correctional Center. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief ... become[s] moot.").

**IT IS THEREFORE ORDERED:**

**1) The merit review scheduled for December 14, 2011 is canceled as unnecessary. Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the Plaintiff alleges that Vermillion County Sheriff Patrick Hartshorn, Captain Raymond Lewelyn, Nurse Cookie and Guard John Doe violated his Fourteenth Amendment rights when they were deliberately indifferent to his serious medical condition. The claims are against the Defendants in their individual capacities.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) All Defendants will remain in the case, as the court cannot determine personal responsibility without a more developed record. The Plaintiff must identify the name and work address of his John Doe Defendant in order to effect service. If the Plaintiff does not know the name of the Defendant, he must discover it by filing a discovery request upon the known Defendants after they have appeared, or, if those Defendants do not provide an answer, a motion to compel with the court. Failure to timely identify and serve the Doe Defendant will result in his dismissal from the case. *See* Fed. R. Civ. Proc. 4(m).**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7) The Defendants shall file an answer within the time prescribed by Local Rule. A motion**

**to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**8) The Plaintiff's initial motion for a temporary restraining order is denied. [d/e 1]**

Entered this 5th Day of December, 2011.

**s/Sara Darrow**
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE